[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15200
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-01324-CLS

KIMBERLY DENISE BROWN,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 31, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Kimberly Brown appeals an order affirming the denial of her application for

disability insurance benefits and supplemental security income. 42 U.S.C.

§§ 405(g), 1383(c)(3). Brown challenges the decision to discount the opinion of her treating physician, Dr. Ochuko Odjegba, that she was physically disabled. She also argues that the Appeals Council failed to consider new evidence from Dr. Odjegba and from Dr. Thomas Lackey. We affirm.

Substantial evidence supported the administrative law judge's decision to give little weight to Dr. Odjegba's assessment that Brown's back pain and lumbar disc disease were disabling. Dr. Odjegba's opinion that Brown could sit, stand, and walk no longer than 30 minutes and had to elevate her legs above her waist for half of an eight-hour workday was inconsistent with his treatment notes and with the objective medical evidence. *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Dr. Odjegba's treatment notes recorded that Brown had no swelling in and had a normal range of motion, full muscle strength, and stability in her upper and lower extremities; that medication alleviated her hypertension and anemia, which contributed to her pain; and that her alcohol abuse likely exacerbated her conditions. Dr. Sathyan Iyer, who performed a consultative examination, made a similar finding that Brown had a full range of motion and normal muscle power in her extremities, and Dr. Iyer and emergency room physicians recorded that Brown exhibited no swelling in her legs and that she abused alcohol. Brown's magnetic resonance imaging scan showed minor degenerative joint disease in Brown's lumbar spine, but no distinct changes in her disc height, significant narrowing, or

other abnormalities that would suggest the condition of her back rendered her incapable of working. And Dr. Lackey, who Brown later visited for pain management, recorded that medication alleviated the pain in her ankle, legs, arms, and back. Good cause supported the administrative law judge's decision to discount Dr. Odjegba's assessment that Brown was disabled. *See id.* at 1240–41.

The Appeals Council did not err by refusing to consider medical records that Dr. Lackey prepared on July 26, 2016, and on September 21, 2016, and that Dr. Odjegba prepared on October 18, 2016. A claimant is entitled to review by the Appeals Council if additional evidence that she submits is new, material, and chronologically relevant. 20 C.F.R. § 404.970(a)(5). New evidence is "chronologically relevant" only when the evidence "relate[s] to the period on or before the date of the administrative law judge hearing decision." *Id.* § 404.970(c). For evidence to be material, "a reasonable possibility [must] exist[] that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018).

Brown's additional evidence was not chronologically relevant. Dr. Lackey and Dr. Odjegba prepared the treatment records after the administrative law judge denied Brown's application on June 21, 2016. *See id.* And the treatment records were not relevant to the period preceding the administrative law judge's decision. *See id.* at 1309–10. Dr. Lackey recorded in July and September that he continued

3

to treat Brown's back pain effectively with medication, and Dr. Odjegba reported in October that he continued to treat Brown for hypertension and that he treated Brown for a knot on her leg that developed after the administrative law judge's decision. In contrast to *Washington v. Social Security Administration*, 806 F.3d 1317, 1322–23 (11th Cir. 2015), and *Hunter v. Social Security Administration*, 705 F. App'x 936, 939–40 (11th Cir. 2017), where new psychological reports were chronologically relevant because their opinions that the claimants were disabled were based on preexisting treatment records chronicling, respectively, auditory and visual hallucinations and panic attacks, Brown's additional medical records do not contain new findings about her condition based on limitations that existed before the administrative law judge issued his decision.

Brown also argues, for the first time, that the new evidence was material, but we disagree. Although Brown argues that Dr. Lackey's records establish that he "continued treatment for [her] pain" and "substantiate" Dr. Odjegba's opinion, Brown fails to explain how Dr. Lackey's records, which are cumulative to those submitted to the administrative law judge, would have changed the outcome of her proceeding.

We **AFFIRM** the denial of Brown's application for benefits.

4